UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

C.H., AN INDIVIDUAL,

Plaintiff,

Case No. ____________

vs.

G6 HOSPITALITY PROPERTY LLC,

Defendant.

**COMPLAINT FOR DAMAGES;**

**DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff C.H. by and through the undersigned counsel and respectfully submits her complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by C.H. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the hotel owner and hotel operator of the subject hotel premises, each operating as Motel 6, located at 224 128th Street SW, Everett, Washington 98204 ("Subject Hotel"), during the relevant time period that Defendant owned and operated said property, from 2021 through April 2022, and as such was responsible for the Subject Hotel during the time period Plaintiff was sex trafficked on said premises.

3. Plaintiff was trafficked at the Subject Hotel intermittently from 2021 through April 2022, during which time Defendant owned and operated the property.

4. During the relevant time period, Defendant was the owner and operator of the Subject Hotel premises.

5. Plaintiff meets the definition of a sex trafficking victim under the TVPRA. She was trafficked at the Subject Hotel as an adult intermittently from 2021 through April 2022, during which time she was induced through force, fraud, and coercion, including physical assault and the confiscation of her identification and personal belongings, by her

trafficker to engage in commercial sex with sex buyers on Defendant's Subject Hotel premises.

6. As a hotel owner and hotel operator of the Subject Hotel, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for said property where Plaintiff was sex trafficked.

7. The passage of the Trafficking Victims Protection Act ("TVPA") in 2000 and the passage of the TVPRA in 2008, as well as numerous other legislative initiatives, put Defendant on notice of the high likelihood of sex trafficking occurring on hotel premises, which at a minimum warranted Defendant to be vigilant and proactive in preventing such conduct.

8. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling sex trafficking and of the widespread national epidemic of hotel and motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA), ECPAT-USA, and via other resources.

9. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. 18 U.S.C. § 1591. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly

violated § 1591(a)(1); (2) a beneficiary claim against a trafficker who directly violated § 1591(a)(2); and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). This action asserts the third cause of action, i.e., a beneficiary claim against a civil defendant.

## PARTIES

10. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's full name is not contained in this Complaint to protect the safety, privacy, and identity of this sex trafficking victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

11. Plaintiff is currently a resident of Washington.

12. At all times relevant and material, Defendant owned and operated a hotel doing business as Motel 6 at 224 128th Street SW, Everett, Washington 98204, and was authorized to do, licensed to do, and was doing business in the State of Washington offering the Subject Hotel as a place of public lodging.

13. The principal place of business of Defendant is 4001 International Parkway, Carrollton, Texas 75007.

## JURISDICTION AND VENUE

14. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located at 4001 International Parkway, Carrollton, Texas 75007, within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

16. As the hotel owner and hotel operator during the relevant time period for the Subject Hotel, Defendant G6 HOSPITALITY PROPERTY LLC, headquartered at 4001 International Parkway, Carrollton, Texas 75007 within the Eastern District of Texas, controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for the Subject Hotel where Plaintiff was sex trafficked.

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

17. Plaintiff sets forth an action for violation of 18 U.S.C. § 1595 as against Defendant.

18. At all relevant times, Defendant, as owner and operator of the Subject Hotel, was involved in the staffing and operation of said property where Plaintiff was trafficked for sex as an adult during the relevant aforesaid time periods.

19. Plaintiff was trafficked by her trafficker, a male individual known to Plaintiff by the nickname "Cash," who operated a commercial sex trafficking and controlled substance enterprise at the Subject Hotel premises.

20. Rooms rented for the trafficking of Plaintiff were rented by the trafficker himself, or by other individuals acting at the direction of the trafficker, at the Subject Hotel during the relevant time period.

21. Plaintiff's trafficker, at times, confiscated and retained Plaintiff's identification and purse during the period of her trafficking.

22. Discovery will inform whether the trafficker, or individuals at the trafficker's direction, booked rooms at the Subject Hotel using the registrant's proper legal name or a false name, whether cash or prepaid card was used at the time of booking, and whether Defendant's staff required identification at booking.

23. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotel by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking in violation of the TVPRA during the aforesaid relevant time periods.

24. Defendant rented rooms at the Subject Hotel to individuals Defendant knew or should have known were engaged in sex trafficking, including Plaintiff, in violation of the TVPRA.

25. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the Subject Hotel premises to continue to pay for the rooms rented at said hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

26. Plaintiff was advertised by her trafficker online for commercial sex through one or more commercial sex advertising platforms.

27. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to Plaintiff herein.

28. Operating hotels and renting out rooms is an enterprise involving risk and potential profit.

29. Defendant's operation of the Subject Hotel and renting out of rooms to Plaintiff's trafficker (or at the direction of the trafficker) was an enterprise involving risk and potential profit which violated the TVPRA as to Plaintiff herein.

30. Defendant G6 HOSPITALITY PROPERTY LLC's association with Plaintiff's sex trafficker constituted a venture because Plaintiff's trafficker had prior commercial dealings with Defendant at the Subject Hotel premises by means of rooms repeatedly rented by the trafficker (or at the direction of the trafficker) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

31. Defendant's repeated rental of rooms to Plaintiff's trafficker (or individuals renting at the direction of the trafficker) at the Subject Hotel was not a standard arm's-length transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the Subject Hotel were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

32. A continuous business relationship existed between Defendant's hotel, its agents, employees and staff, and Plaintiff's trafficker's sex trafficking business in that Defendant provided assistance, support, or facilitation to Plaintiff's trafficker at the Subject Hotel by repeatedly renting rooms to individuals Defendant knew or should have known were

involved in sex trafficking on the premises in violation of the TVPRA, including as to Plaintiff herein, and in doing so facilitated the venture's success.

33. Defendant knowingly benefited from this venture or enterprise involving risk and potential profit, which was in violation of the TVPRA as to Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's trafficker (or at the direction of her trafficker) at the Subject Hotel that were used for sex trafficking, including as to Plaintiff, during the aforesaid relevant time periods.

34. Defendant participated in a venture by operating the Subject Hotel and renting rooms to individuals that Defendant knew or should have known were involved in sex trafficking, including as to Plaintiff herein, in violation of the TVPRA.

35. Defendant participated in a venture that Defendant knew or should have known was trafficking Plaintiff at Defendant's hotel in violation of the TVPRA.

36. Defendant knew or should have known that the undertaking or venture violated the TVPRA as to Plaintiff.

37. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's Subject Hotel, including as to Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. Steady foot traffic of sex buyers to the trafficker's rented rooms to engage in sex acts with Plaintiff at the Subject Hotel;

b. Plaintiff was visible to Defendant's staff at the Subject Hotel on hotel grounds and during direct interactions, appearing visibly impaired by controlled substances and wearing sexually explicit and revealing clothing, including “daisy duke” cutoff shorts and cutoff shirts;

c. Plaintiff solicited commercial sex on the premises of the Subject Hotel, including in common areas visible to Defendant's staff, while wearing revealing clothing;

d. Plaintiff, at times, met and greeted sex buyers in the lobby of the Subject Hotel and personally escorted them through the lobby and up to the rented rooms, in open view of Defendant's front desk staff, on repeated occasions;

e. Inside the hotel rooms rented by the trafficker (or at his direction) at the Subject Hotel there were suspicious items, including condoms and lingerie strewn about the rooms, which were observed by housekeeping staff or should have been so observed, including by a housekeeper at the Subject Hotel known to Plaintiff as “Marisol,” a short Hispanic female in her thirties with long black curly hair;

f. The rooms utilized at the Subject Hotel exhibited signs of commercial sex work;

g. Plaintiff's trafficker physically assaulted Plaintiff on the Subject Hotel premises, resulting in visible injuries including black eyes;

h. Plaintiff's trafficker actively sold and distributed controlled substances including methamphetamine, cocaine, heroin, and fentanyl on the Subject Hotel premises, in a manner that was known or observable to Defendant's staff;

i. Plaintiff's trafficker confiscated Plaintiff's identification and purse, such that Plaintiff was without identification while on the Subject Hotel premises, a well-known indicator of sex trafficking;

j. Plaintiff and her trafficker engaged in frequent and audible verbal and physical altercations inside the rented rooms at the Subject Hotel, which were heard and witnessed by Defendant's staff;

k. Plaintiff was under the influence of controlled substances, including heroin, during the time period of her trafficking;

l. Approximately four other victims were trafficked alongside Plaintiff at the Subject Hotel on each occasion, resulting in a volume of commercial sex activity on the premises that was known or observable to Defendant's staff;

m. Rooms used for Plaintiff's trafficking were booked by the trafficker himself and, at the trafficker's direction;

n. Plaintiff was advertised by her trafficker for commercial sex acts online through one or more commercial sex advertising platforms, the identity of which will be informed by discovery;

o. The same individuals, including Plaintiff, her trafficker, and other victims, repeatedly returned to and utilized rooms at the Subject Hotel throughout the relevant time period; and

p. Other commonly known sex trafficking red flags which Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

38. Defendant's staff at the Subject Hotel witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including the items set forth in paragraph 37 above.

39. When being trafficked at the Subject Hotel intermittently from 2021 through April 2022, Plaintiff interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker, as well as a frequent procession of sex buyers going in and out of the rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the Subject Hotel premises.

40. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative of sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe, nametag, hotel logo, and/or by means of a staff member being in an employee-restricted area.

41. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at the Subject Hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm if she did not comply, including as a result of being physically assaulted by her trafficker.

42. Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to: (1) guest visibly under the influence of drugs or alcohol; (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes; (4) guest using hotel amenities and premises for unlawful acts; (5) guest bringing in extra unregistered guests; (6) guest's behavior reasonably disturbing other guests; (7) guest violating other rules set by the hotel; and (8) other indicated reasons.

43. Plaintiff being sex trafficked at Defendant's Subject Hotel was a proximate cause, competent cause, and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries, the horror of being a victim of sex trafficking, and significant levels of psychological trauma due to the levels of abuse she endured during the time she was trafficked. This trauma led to depression, anxiety disorders, and post-traumatic stress disorder ("PTSD"), which in turn affects daily functioning.

44. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, and establish and execute anti-trafficking measures and modify their anti-trafficking efforts at the Subject Hotel, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's Subject Hotel in violation of the TVPRA.

45. As a consequence of being sex trafficked at the Subject Hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, and psychological injuries as the result of being trafficked and sexually exploited at the Subject Hotel in violation of 18 U.S.C. § 1591.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a. All available compensatory damages for the described losses with respect to the above cause of action;

b. Past and future emotional distress;

c. Consequential and/or special damages;

d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e. Physical pain and suffering;

f. Disgorgement of profits obtained through unjust enrichment;

g. Restitution;

h. All damages allowable under the TVPRA;

i. Reasonable and recoverable attorney's fees;

j. Punitive damages with respect to each cause of action;

k. Costs of this action; and

l. Pre-judgment and all other interest recoverable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: June 9, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd

Jason Byrd
THE BYRD LAW FIRM
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis, Esq.
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky, Esq.
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

Attorneys for Plaintiff